**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ELROY COLEMAN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2285** |
| **RN MARGIE WHITNEY, ET AL.** | **SECTION: "R"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Elroy Coleman, a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Margie Whitney, Richard Neal, and Warden Marcel Null. In this lawsuit, plaintiff complains that he is not being provided with free medication and that he is receiving inadequate medical care for gout.

A Spears hearing was held on June 6, 2006, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1] At that hearing, plaintiff was sworn and his testimony was recorded. Based on his complaint and Spears hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claims.

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

Plaintiff testified that he suffers from gout throughout his body. Before his incarceration, he had been taking only pain medication for his condition. Once he was incarcerated in February 2006, prison officials told him that if he wanted his prescription pain medication, he would have to provide it himself. Plaintiff then arranged for his wife to procure the medication and bring it to the jail, and he was in fact allowed to take the prescribed medication. Plaintiff testified that jail officials had never denied him medical care on the basis that he was unable to pay for it.

Plaintiff testified that when he asked to see a doctor at the jail, he had to wait seventy-one days for an appointment. The jail doctor then prescribed ibuprofen to treat plaintiff's pain. The doctor also stated that plaintiff could get an M.R.I. after his upcoming release on June 27, 2006; however, plaintiff contends he should have been given an M.R.I. or x-rays immediately. He stated that he saw the doctor again on the morning of the Spears hearing. At that visit, the doctor gave plaintiff a shot for pain and prescribed additional pain medication.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[2]

---

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,[3] federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[4] and fully considering his Spears hearing testimony, the Court

---

and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

[3] Rec. Docs. 2 and 3.

[4] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

finds that his complaint lacks any arguable basis in law and should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

As a preliminary matter, the mere fact that jail officials would not furnish plaintiff with his prescription pain medication for free does not rise to the level of a constitutional violation. A requirement that non-indigent inmates bear the cost of their medical treatment is constitutionally permissible as long as that requirement does not interfere with timely and effective treatment of serious medical needs. See, e.g., Reynolds v. Bagner, 128 F.3d 166, 174 (3rd Cir. 1997); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 408 (9th Cir. 1985); Piper v. Alford, No. 3:02-CV-2640-P, 2003 WL 21350215 (N.D. Tex. June 4, 2003); Hutchinson v. Belt, 957 F. Supp. 97, 100 (W.D. La. 1996); Reynolds v. Wagner, 936 F. Supp. 1216, 1225-27 (E.D. Pa. 1996), aff'd, 128 F.3d 166 (3rd Cir. 1997); Bihms v. Klevenhagen, 928 F. Supp. 717, 718 (S.D. Tex. June 11, 1996). Plaintiff testified that he was given his medication when it was brought to the jail and that he was never denied medical care on the basis that he was unable to pay for it.

To the extent that plaintiff is arguing that the medical care he received it the jail was inadequate, the Court finds that claim is also frivolous. It is true that the constitutional rights of an incarcerated person, whether he is a pretrial detainee or a convicted prisoner, may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001) (pretrial detainee); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999) (convicted prisoner). However, the United States Fifth Circuit Court of Appeals has held:

> Deliberate indifference is an extremely high standard to meet. ... [T]he plaintiff must show that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would

> clearly evince a wanton disregard for any serious medical needs. Furthermore, the decision whether to provide additional treatment is a classic example of a matter for medical judgment. And, the failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference.

Domino v. Texas Department of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001) (quotation marks and citations omitted). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997); see also Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999).

Plaintiff complains of the seventy-one day delay between the time he requested to see a jail doctor and the time he was actually seen. However, mere delay in receiving medical care is insufficient to create § 1983 liability unless harm resulted. Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993). In this case, there was no harm. Once the examination took place, the doctor ordered that plaintiff be given ibuprofen for pain. However, even prior to the visit, plaintiff was receiving the prescription pain medication furnished by his wife. Because plaintiff's treatment remained essentially unchanged even after he saw the physician, the delay in seeing the physician cannot be said to have resulted in harm.

Moreover, the mere fact that plaintiff was not provided with an immediate M.R.I. or x-ray, but was instead told that he could have such tests done on his own after his imminent release, does not rise to the level of deliberate indifference. The United States Supreme Court has noted: "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual

punishment. At most it is medical malpractice, and as such the proper forum is state court ...." Estelle v. Gamble, 429 U.S. 97, 107 (1976).

As noted in Estelle, allegations such as those made by plaintiff constitute, at most, allegations of medical malpractice or negligence. However, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106. "It is clear that negligent medical treatment is not a cognizable basis upon which to predicate a section 1983 action." Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993). In summary, allegations of malpractice or negligence alone are never sufficient to state a claim for constitutionally inadequate medical care. Hall v. Thomas, 190 F.3d 693, 697 (5th Cir. 1999).

It is obvious that plaintiff is frustrated by what he perceives to be a lack of quality medical care at the jail. However, whether plaintiff is receiving the best medical care available is irrelevant. See Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992) (the fact that medical treatment "may not have been the best money could buy" was insufficient to establish a constitutional violation); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978) (the applicable legal standard is not whether an inmate was provided the "optimum" or "best" medical care available). Rather, as noted, the applicable test is whether prison officials have been *deliberately indifferent* to plaintiff's serious medical needs. Deliberate indifference simply cannot be inferred from the facts alleged.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twelfth day of June, 2006.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**