UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ELROY COLEMAN                                    CIVIL ACTION

VERSUS                                           NO. 06-2285

RN MARGIE WHITNEY, ET AL.                        SECTION "R"(1)


**ORDER AND REASONS**

Before this Court are plaintiff Elroy Coleman's objections to the Magistrate Judge's Report and Recommendation.  Plaintiff, a state prisoner, filed this *pro se* and *in forma pauperis* suit pursuant to 42 U.S.C. § 1983 against various employees of the Terrebonne Criminal Justice Complex.

On June 22, 2006, Magistrate Judge Shushan issued a Report and Recommendation concluding that plaintiff's complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.  Plaintiff timely filed his written objections to the Magistrate's Report and Recommendation.  As a result, the Court has reviewed the record *de novo* pursuant to 28 U.S.C. 636(b)(1).  For the following reasons, the Court

concurs with the Report and Recommendation and therefore finds that plaintiff's claims should be DISMISSED.

I.  BACKGROUND

On May 1, 2006, plaintiff filed his original complaint against various employees of the Terrebonne Criminal Justice Complex, where he was incarcerated.  Plaintiff alleged numerous violations of the Civil Rights Act stemming from what he perceived to be a lack of quality medical care at the prison facility.  Also, on May 1, 2006, Coleman filed an amended complaint further explaining the basis for his claims.  On May 26, 2006, Coleman attempted to file another amended complaint, in which he complained that he was disabled and that the Terrebonne Criminal Justice Complex did not provide "handicap rails" for him.

On June 6, 2006, the Magistrate Judge held a *Spears* hearing to allow plaintiff an opportunity to clarify both the legal and factual bases upon which his claims were based.  *See Spears v. McCotter*, 766 F.2d 179, 180.  At this hearing, plaintiff was granted "an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  *Davis v. Scott*, 157 F.3d 1003, 1005-06 (5th Cir. 1998).  Based upon plaintiff's complaint and his testimony at the *Spears* hearing,

Magistrate Judge Shushan concluded that plaintiff made two distinct allegations in support of his claims under the Civil Rights Act.

First, Coleman alleged that he suffered from gout[1] throughout his body that required medication. Coleman testified that he had consistently taken pain medication for this condition before his incarceration in February 2006. Coleman further testified that prison officials required him to provide his own pain medication if he wished to continue their use while in prison. Coleman arranged for his wife to bring him his medication at the Terrebonne Criminal Justice Complex. The prison officials allowed him to take these medications.

Second, Coleman alleged that prison officials forced him to wait seventy-one days after he first requested to see a doctor. At his first appointment, the prison doctor prescribed ibuprofen to treat pain resulting from Coleman's gout. The doctor further stated that Coleman could receive an M.R.I. or x-rays regarding his condition after his release on June 27, 2006. Coleman contends that the doctor should have conducted the M.R.I. or x-rays more expeditiously. Furthermore, at the *Spears* hearing, Coleman testified that he had seen the prison doctor again that

---

[1] "Gout" is a form of arthritis that causes swelling and inflammation of the joints.

morning and had received a shot for his pain and additional pain medication.  Coleman did not discuss the issue of "handicap rails" at the hearing.

After the Magistrate Judge issued her Report and Recommendation, Coleman timely filed various objections to her findings and conclusions.  In his written objections, Coleman reiterated his allegations that he received inadequate medical attention and pain medication while in prison.  More specially, Coleman alleged that he had gone from May 13, 2006 until May 31, 2006 without his medication while the nurses refilled his prescription.  Coleman also alleged that he had similarly been without his ibuprofen for the five days prior to filing his objections.

In his objections, for the first time, Coleman makes vague statements to the affect that the prison officials took his crutch when he entered the facility when in fact he was disabled.  He further claims that defendants then placed him in a cell without rails and also that there were no such rails for him to grasp when he used the restroom.  Importantly, however, Coleman presents these assertions to the Court for the first time.  These arguments were not before the Magistrate Judge when she issued her Report and Recommendation.

**II.  DISCUSSION**

After reviewing plaintiff's objections to the Report and Recommendation and the relevant law, the Court concludes that Coleman's objections lack merit or are otherwise merely the same allegations couched in different terms.  Accordingly, the Court will not overrule the Magistrate Judge's determination that plaintiff's complaint should be dismissed as frivolous and for otherwise failing to state a claim upon which relief may be granted.

**A.  Refusal to furnish pain medication gratuitously**

Construing plaintiff's *pro se* complaint liberally, plaintiff appears to first argue that prison officials violated the Civil Rights Act by refusing to furnish his pain medication gratuitously. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (noting that *pro se* complaints must be interpreted liberally).  As noted in the Report and Recommendation, however, the mere fact that prison officials refused to furnish medication gratuitously does not rise to the level of a constitutional violation.  Programs that require inmates to bear part of their own medical costs remain within constitutional bounds so long as the program does not condition the providing of necessary medical services on an inmate's ability to pay.  *See Reynolds v. Wagner*,

128 F.3d 166, 174-75 (3d Cir. 1997); *see also Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 408 (9th Cir. 1985); *Bihms v. Klevenhagen*, 928 F. Supp. 717, 718 (S.D. Tex. 1996); *Piper v. Alford*, 2003 WL 21350215, *3 (N.D. Tex. 2003) (noting that co-pay policies are constitutionally impermissible "only when medical care is denied because of [an inmate's] inability to pay").

Here, Coleman testified that prison officials never denied him pain medication because of his inability to pay. Further, Coleman testified that he received and was permitted to take his medication when brought to the prison by his wife on various occasions. In his objections, Coleman alleges that he went several long periods without his medication. Coleman concedes, however, that such delays occurred as a result of the prison nurses refilling his prescriptions. Coleman has failed to cite any specific instance when he was denied medical care because of his inability to pay. *See Piper*, 2003 WL 21350215 at *3-4. As a result, the Court concludes that Coleman's claim lacks an adequate basis in law or fact and should therefore be dismissed.

### B. Inadequate medical treatment

Coleman next makes various claims alleging that he received inadequate medical treatment while incarcerated. It remains

well-settled that inadequate medical care by a prison doctor can result in a constitutional violation if his or her conduct amounts to a deliberate indifference to the prisoner's serious medical needs.  *See Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).  However, deliberate indifference is an extremely high standard to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  Medical malpractice or negligent treatment do not necessarily constitute deliberate indifference.  *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  As the Supreme Court has remarked, "deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind."  *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997) (*citing Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).  In essence, the plaintiff must demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."  *Domino*, 239 F.3d at 756.

To support his claim of inadequate medical treatment, Coleman points to the seventy-one day delay between the time he first requested to see the prison doctor and the time he was actually seen.  To constitute a viable claim for delayed medical

treatment under § 1983, however, the delay itself must result in "substantial harm." *Mendoza*, 989 F.2d at 195; *see also Shapley*, 766 F.2d at 407. Here, Coleman suffered no harm. Before his initial visit with the prison doctor, Coleman's wife brought him his pain medication, which prison officials allowed him to take. At this initial visit, the prison doctor prescribed Coleman ibuprofen to treat his pain. Thus, the course of treatment was essentially the same before and after seeing the prison doctor. As such, the delayed medical treatment failed to result in any harm, let alone the "substantial harm" required to state a viable claim under § 1983.

In further support of his claim, Coleman alleges that the prison doctor's failure to conduct an immediate M.R.I. or x-ray constituted inadequate medical treatment. Rather than immediately conducting these tests, the prison doctor informed Coleman that these procedures could be safely conducted after his release from prison in several months. Here, Coleman alleges medical malpractice or even mere negligence, neither of which are actionable under § 1983. *See Estelle*, 429 U.S. at 107-08; *see also Mendoza*, 989 F.2d at 193 (noting that negligent medical treatment is not a cognizable basis upon which to assert a § 1983 action). As the *Estelle* court noted, "[a] medical decision not to order an X-ray, or like measures, does not represent cruel and

unusual punishment.  At most it is medical malpractice, and as such the proper forum is state court . . . ." *Id.*  Because Coleman's allegations amount to nothing more than claims of medical malpractice or negligence, they are an insufficient basis upon which to base a claim of inadequate medical treatment under § 1983.

### C. Objections to the Report and Recommendation

In his objections to the Report and Recommendation, Coleman virtually reiterates his previous allegations, but also sets forth for the first time new allegations regarding his alleged disability.  Similar to his previous allegations, Coleman expressly notes in his objections that he was without his pain medication from May 13 until May 31 while the nurses re-filled his prescription.  Such an allegation, however, is still insufficient to establish that the prison officials were *deliberately indifferent* to Coleman's serious medical needs. *See Gobert v. Caldwell*, 463 F.3d 339, 346-47 (5th Cir. 2006).  As the *Gobert* court recently noted, multiple examinations and the administration of medication can rebut a prisoner's allegations of deliberate indifference. *Id*.  Here, it is undisputed that Coleman first visited the prison doctor on May 2 and then again on June 6.  At the second visit, the doctor gave Coleman a shot

for pain and additional pain medication. These facts simply fail to rise "to the level of egregious intentional conduct required to satisfy the exacting deliberate indifference standard." *Id.*

As previously noted, Coleman asserts in his objections new facts regarding his alleged disability. Coleman now alleges that officials took his crutch when he entered the prison facility despite his disability. Moreover, Coleman claims that his cell and the prison restrooms unlawfully lacked handicap rails. These allegations were not before the Magistrate Judge when she issued her Report and Recommendation. As such, it remains within the Court's discretion whether to consider this new evidence that plaintiff presented for the first time in his objections to the Magistrate Judge's report. *See Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998). In exercising its discretion, the district court may consider, among other things, the reason for the moving party not previously presenting the evidence, the importance of this evidence, and the likelihood that the non-moving party will suffer unfair prejudice if the case is reopened. *Id.* at 853.

Considering these factors, the Court concludes that it should not consider Coleman's newly proffered evidence. This evidence was undoubtedly available to him when he filed his complaint and amended complaint. Although Coleman discussed

"handicap rails" in his purported second amended complaint, he did not receive leave of court before filing that document.  *See* Fed. R. Civ. P. 15(a).  Further, the Magistrate Judge thereafter held a *Spears* hearing in which Coleman did not discuss rails or crutches in clarifying his claims before the Court.  The Magistrate Judge afforded Coleman an opportunity to offer allegations and testimony on either issue, and Coleman did not do so.  Coleman has not offered any reason for failing to present this evidence earlier.  The Court, therefore, finds there is no reason to permit Coleman to provide a partial summary of the facts to the Magistrate Judge and then provide another set of facts, known to plaintiff all along, to support additional claims.  *See Hunt v. Dretke*, 2005 WL 1552833, *1 (N.D. Tex. 2005).  Accordingly, the Court does not consider these new allegations.

**III.  CONCLUSION**

    For the foregoing reasons, IT IS ORDERED that the plaintiff's complaint be DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim upon which relief can be granted.

New Orleans, Louisiana, this 21st day of December, 2006.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE